Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DAVID EMILIO KERR SELGAS, JOSÉ GABRIEL EMILIO FAGOT DÍAZ<br><br>Demandantes - Apelados<br><br>v.<br><br>RICHARD CHARLES DE HOWITT PÉREZ, ALBERTO CONSTANTINO DE HOWITT PÉREZ, MARISOL BERMÚDEZ DE LEÓN Y OTROS<br><br>Demandados – Apelantes | TA2026AP00492 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil núm.: PO2023CV02069<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

El Tribunal de Primera Instancia (el "TPI") autorizó el desistimiento con perjuicio, sin especial designación de costas u honorarios de abogados, de una demanda. Según explicamos en detalle a continuación, procede la confirmación de la *Sentencia* apelada, pues no abusó de su discreción el TPI, ni cometió error de derecho, al negarse a imponerle a la parte demandante el pago de costas y honorarios.

I.

En julio de 2023, los señores David Emilio Kerr Selgas y José Gabriel Emilio Fagot Díaz (los "Demandantes" o los "Compradores") presentaron la acción de referencia[1] (la "Demanda"), en contra de los señores Richard Charles de Howitt Pérez y Alberto Constantino de Howitt Pérez (los "Demandados" o los "Vendedores").

---

[1] Entrada 1 Sistema Único de Manejo y Administración de Casos ("SUMAC") *Demanda*.

Los Demandantes alegaron que entre las partes hubo un "contrato de opción de compraventa" en conexión con un solar en Ponce (la "Propiedad"). Afirmaron que habían ofrecido comprar la Propiedad por $40,000.00, a lo cual los Vendedores accedieron. Sostuvieron que, luego, los Vendedores comunicaron que no culminarían el negocio acordado. Solicitaron, entre otros, que se les ordenara a los Demandados el cumplimiento específico de lo acordado y se les condenara al pago de daños y perjuicios.

Los Demandados contestaron la Demanda[2]; plantearon que nunca hubo un contrato entre las partes. Señalaron que, aunque se iniciaron negociaciones en conexión con la posible venta de la Propiedad, no se culminó un acuerdo definitivo.

Luego de varios trámites, el 10 de junio de 2024, los Demandados informaron al TPI que la Propiedad había sido vendida a terceros. El 3 de abril de 2025, los Demandantes solicitaron enmendar la *Demanda*[3] para incluir a los compradores de la Propiedad (Eric Rosaly Torres y Marisol Bermúdez de León, o los "Terceros"). El TPI autorizó la enmienda[4] y, el 6 de agosto, los Terceros contestaron la *Demanda Enmendada*[5].

El 11 de agosto, el TPI señaló la conferencia con antelación al juicio para el 25 de noviembre.[6] El 12 de agosto, el TPI determinó que las partes tenían un término de 45 días para calendarizar el descubrimiento de prueba restante.[7] Dispuso que, una vez concluido el descubrimiento de prueba, las partes tendrían un término de 30 días para presentar sus mociones dispositivas.

---

[2] Entrada 25, SUMAC, *Contestación a Demanda.*
[3] Entrada 47, SUMAC, *Moción Solicitando Permiso para Enmendar la Demanda para incluir una Nueva Causa de Acción por Daños Extracontractuales y Añadir a terceros como Partes Codemandadas.*
[4] Entrada 48, SUMAC, *Resolución Interlocutoria.*
[5] Entrada 67, SUMAC, *Contestación a demanda enmendada.*
[6] Entrada 68, SUMAC, *Orden.*
[7] Entrada 70, SUMAC, *Orden.*

El 25 de septiembre, los Demandantes presentaron una *Moción en Cumplimiento de Orden en cuanto a los Acuerdos Llegados sobre el Descubrimiento de Prueba*[8]; indicaron que las partes acordaron que: 1) se intercambiarían la prueba documental para el 30 de octubre; 2) se realizaría una toma de deposición a los Demandantes para el 13 de noviembre, "**como fecha tentativa**", mientras que los Demandados estarían sujetos a deposición para el 18 de noviembre, como fecha tentativa; y el cierre del descubrimiento de prueba sería el 30 de enero de 2026. Solicitaron que el TPI emitiese una orden de calendarización y señalara la Conferencia con antelación a Juicio.

El 24 de noviembre, un día antes de la fecha en que se había pautado la Conferencia con Antelación a Juicio, los Demandantes solicitaron la transferencia de la vista.[9] Expusieron que habían presentado una oferta transaccional y que, a pesar de recibir respuesta de los Terceros, faltaban por contestar los Demandados. Sostuvieron que no habían logrado tener una comunicación efectiva con la representación legal de estos últimos y que, por esta razón, no se había logrado un acuerdo transaccional.

Transcurrido otro periodo sin actividad en el expediente, el 2 de febrero de 2026, los Terceros le informaron al TPI que los Demandantes no habían contestado un interrogatorio cursado y habían cancelado las deposiciones.[10] El 2 de febrero, el TPI emitió una *Resolución Interlocutoria*[11] mediante la cual les indicó a las partes que debían cumplir con la Regla 34.1 de las de Procedimiento Civil, supra.

---

[8] Entrada 73, SUMAC, *Moción en Cumplimiento de Orden en cuanto a los Acuerdos Llegados sobre el Descubrimiento de Prueba.*
[9] Entrada 75, SUMAC, *Moción Urgente Solicitando la Transferencia de la Vista Programada para el 23 de noviembre de 2025.*
[10] Entrada 78, SUMAC, *Moción Solicitud para que se dicte Orden.*
[11] Entrada 79, SUMAC, *Resolución Interlocutoria.*

El 27 de marzo, los Demandantes presentaron una *Moción de Desistimiento con Perjuicio* (la "Moción"). Solicitaron se autorizara el desistimiento de su causa de acción con perjuicio, sin imposición de costas ni honorarios de abogados, ello en virtud de la Regla 39.1 de las de Procedimiento Civil, (32 LPRA Ap. V., R. 39.1).[12]

El 30 de marzo, el TPI notificó una *Sentencia* mediante la cual concedió la solicitud de desistimiento con perjuicio de la *Demanda* sin imposición de costas ni honorarios de abogado (la "Sentencia")[13].

El 7 de abril, los Demandados solicitaron que se condenara a los Demandantes al pago de costas, bajo la Regla 44.1 (a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (la "Moción de Costas").[14]

Además, el 13 de abril, los Demandados presentaron una *Moción Solicitando Reconsideración e Imposición de Honorarios de Abogado por Temeridad* (junto a la Moción de Costas, las "Mociones").[15] Arguyeron que los Demandantes habían incurrido en temeridad al: 1) presentar ante el TPI una controversia frívola, pues nunca hubo contrato entre las partes; 2) incluir en la *Demanda* a un tercero que no tenía responsabilidad alguna; y 3) obstruir el descubrimiento de prueba al no comparecer a una deposición pautada entre las partes.

Mediante un dictamen notificado el 15 de abril, el TPI denegó la referida solicitud de reconsideración e imposición de honorarios de abogado por temeridad.[16] Por su parte, el 11 de mayo, el TPI notificó un dictamen mediante el cual denegó la Moción de Costas.[17]

---

[12] Entrada 81, SUMAC, *Moción de Desistimiento con Perjuicio.*
[13] Entrada 82, SUMAC, *Sentencia Final.*
[14] Entrada 84, SUMAC, *Memorando de Costas.*
[15] Entrada 86, SUMAC, *Moción Solicitando Reconsideración e Imposición de Honorarios de Abogado por Temeridad.*
[16] Entrada 87, SUMAC, *Resolución Interlocutoria.*
[17] Entrada 89, SUMAC, *Orden.*

Inconformes, el 13 de mayo, los Demandados presentaron el recurso que nos ocupa; formulan los siguientes señalamientos de error:

> Cometi[ó] error el [TPI] al denegar la solicitud de honorarios de abogado por temeridad de los apelantes.

> Cometi[ó] error el [TPI] al negarse a conocer[der] a favor de los apelantes las costas del pleito.

> Cometi[ó] error el [TPI] al conceder la solicitud de desistimiento de la parte apelada al ampar[o] de la Regla 39.1(b) de Procedimiento Civil sin permitirle a la parte apelante exponer su posición al respecto.

En esencia, los Demandados reiteran lo planteado en las Mociones. En particular, arguyen que "la justificación brindada para el desistimiento fue ninguna" y que la conducta de los Demandantes fue "frívola y contumaz". Además, sostienen que el TPI erró al dictar la Sentencia sin antes proveerles la oportunidad de oponerse a la Moción. Los Demandantes presentaron su alegato en oposición. Resolvemos.

## II.

El desistimiento se refiere a la declaración de voluntad hecha por una parte por la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que está pendiente. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, Tomo III, pág. 1138. En otras palabras, por medio del desistimiento, la parte abandona la causa de acción instada.

La Regla 39.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, reglamenta lo relacionado con las diferentes formas de desistimiento de una acción ante el foro judicial:

> (a) Por la parte demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

> (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción

de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El inciso (a)(1) de la Regla 39.1 de Procedimiento Civil, supra, provee para el desistimiento voluntario cuando la parte demandada aún no ha presentado una "contestación" o una "moción de sentencia sumaria". En tal caso, la parte demandante puede "desistir sin perjuicio, sin orden del tribunal, simplemente mediante la presentación de un aviso de desistimiento". *Pagán Rodríguez v. Pres. Cáms. Legs*; 206 DPR 277, 286 (2021); *Tenorio v. Hospital Dr. Pila,* 159 DPR 777, 783 (2003). El desistimiento bajo este inciso no requiere la aprobación del tribunal para surtir efecto y tampoco admite oposición de la parte adversa. *García v. ELA,* 135 DPR 137, 145 (1994); véanse, además, *Pramco CV6, LLC v. Delgado Cruz y Otros,* 184 DPR 453, 459 (2012).

Por otro lado, el inciso (b) de la Regla 39.1 de las de Procedimiento Civil, supra, provee para el desistimiento con autorización del tribunal. Este mecanismo se utiliza en situaciones donde la parte demandada ha contestado la demanda o presentado una solicitud de sentencia sumaria y no se ha podido obtener una estipulación de desistimiento por todas las partes del pleito.

El derecho a desistir en etapas más avanzadas del pleito no es absoluto. El desistimiento bajo el inciso (b) de la precitada Regla 39.1, supra, está sometido a la discreción de, y a los términos y condiciones que disponga, el tribunal. Cuevas Segarra, *op. cit.*, pág. 1147. Así, el juzgador podrá conceder el desistimiento bajo los términos y condiciones que entienda procedentes, como, por ejemplo, que el desistimiento sea con o sin perjuicio, o que se paguen gastos y honorarios de abogado. Véase Regla 39.1 de las de Procedimiento Civil, supra; *Pramco CV6, LLC*, 184 DPR a las págs. 460-461.

## III.

La imposición de las costas y los honorarios de abogado se rige por lo dispuesto en la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. En lo pertinente, las costas "le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión [...]". Regla 44.1 (a) de las de Procedimiento Civil, *supra*. Las costas son "gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra". *Íd.*

En cuanto al procedimiento para conceder las costas, la parte reclamante tiene el término de 10 días, contados a partir de la notificación de la sentencia que le favorece, para presentar al tribunal, y notificar a la parte contraria, un memorando de costas. Regla 44.1 (b) de las de Procedimiento Civil, *supra.* Dicho término de 10 días es de naturaleza jurisdiccional, tanto para presentar el memorando de costas como para notificar el mismo a la otra parte. *Rosario Domínguez et als. v. ELA,* 198 DPR 197, 217 (2017); *Comisionado v. Presidenta,* 166 DPR 513, 518 (2005); Regla 68.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2. Por lo tanto, este plazo es improrrogable y su cumplimiento tardío priva al tribunal de

autoridad para considerar y aprobar las costas reclamadas. *Rosario Domínguez et als.,* 198 DPR a la pág. 213.

Por su parte, la Regla 44.1 (d) de las de Procedimiento Civil, *supra*, rige la imposición de honorarios de abogado; establece que, "[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado...".

La "temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia." *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001). Se trata de aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente o que obliga a una parte a involucrarse en trámites evitables. *Andamios de P.R. v. Newport Bonding,* 179 DPR 503, 519-520 (2010); *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010).

El propósito de la imposición de honorarios por temeridad es penalizar a la parte "que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Andamios de P.R.,* 179 DPR a la pág. 520. La imposición de honorarios de abogado por temeridad persigue castigar aquellos litigantes que obligan a otras personas a incurrir en gastos innecesarios al interponer pleitos frívolos, o alargar innecesariamente aquellos ya presentados. *Oliveras, Inc. v. Universal Ins. Co.,* 141 DPR 900, 936 (1996).

Al imponer honorarios de abogado a la parte temeraria, "los tribunales descansarán en su discreción y determinarán la cuantía que aplicarán por: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada; y (5) el nivel profesional de los abogados." *C.O.P.R. v. S.P.U.,* 181 DPR

299, 342-343 (2011).   Aun conscientes de que la imposición de honorarios de abogados recae en la sana discreción del foro correspondiente, se intervendrá con ella en casos en que dicho foro haya abusado de tal facultad.   *Marrero Rosado*, 178 DPR a la pág. 504.

IV.

De otra parte, mediante el descubrimiento de prueba se pretende ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que se utilizaría en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada con las reclamaciones de un caso. Véase, Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berrios Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000); véanse, además, *Medina v. M.S.*, 135 DPR 716, 728 (1994); *Lluch v. España Service Sta.*, 117 DPR 729, 743 (1986).

En cuanto al alcance del descubrimiento de prueba, este debe ser amplio y liberal.  *Consejo de Titulares v. Triple-S*, 2025 TSPR 82, 216 DPR __ (2025), citando a *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros*, 152 DPR a la pág. 152.  El TPI tiene "amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes".  *Rivera Gómez v. Arcos Dorados*, 212 DPR 194, 203 (2023), citando a *Cruz Flores et al.*, 210 DPR a las págs. 496-497.

Claro está, cualquier limitación al descubrimiento de prueba deberá hacerse de forma razonable.  Es decir, "[m]ás que una facultad, existe un deber que se le impone al Tribunal de Primera Instancia de actuar afirmativa y dinámicamente en la tramitación de los casos ante su consideración".  J.A. Cuevas Segarra, *Tratado*

*de Derecho Procesal Civil*, 2.a ed., Publicaciones JTS, 2011, T. III, págs. 837–838; *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996). De conformidad con lo anterior, el ejercicio de discreción en materia de descubrimiento de prueba no es revisable por los tribunales apelativos a menos que se demuestre que el TPI: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Por su parte, en aras de fomentar que las partes manejen el descubrimiento de prueba, la Regla 34.1 de las de Procedimiento Civil establece la forma de proceder cuando existan controversias en torno a este. En cuanto a esto, la Regla establece que:

> [c]uando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado o abogada de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos. Regla 34.1 de Procedimiento Civil (32 LPRA Ap. V, R. 34.1).

Esta regla va dirigida a exigir que las partes, previo a solicitar la intervención del Tribunal, agoten los remedios disponibles para resolver las disputas con relación al descubrimiento de prueba. Véase J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 1ra ed. Rev., Colombia, Nomos, 2012, pág. 206-207.

V.

La discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos,* 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018). En ese sentido, ha

sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

Por otro lado, "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al.*, 200 DPR a la pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al.*, 200 DPR a la pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### VI.

Concluimos que procede la confirmación de la Sentencia. Los Demandados no tienen derecho a exigir el pago de costas, pues, a raíz del desistimiento, no hubo parte prevaleciente. Aunque el TPI tenía discreción para imponer el pago de costas en estas circunstancias, nada en el récord nos permite concluir que abusó de dicha discreción al abstenerse de condenar a los Demandantes al pago de las mismas.

De forma similar, examinada la totalidad del récord, no surge que los Demandantes hayan litigado de forma temeraria, por lo cual tampoco erró el TPI al denegar la solicitud de honorarios por

temeridad. No se configuró temeridad simplemente porque los Demandantes no comparecieran a una deposición. En primer lugar, la misma se había programado de forma tentativa. En segundo lugar, los Demandantes señalan que, el día antes de la fecha tentativa, notificaron a los Demandados que, al no haberse confirmado la deposición (ni su hora o lugar), no comparecerían a la misma. En tercer lugar, los Demandados aparentan haber accedido a ello, pues estos no acudieron al TPI para solicitar un remedio al respecto o siquiera notificar la incomparecencia a la deposición tentativamente señalada.

Tampoco tienen razón los Demandados al plantear que el TPI debió determinar que hubo temeridad porque los Demandantes, en los méritos, no tenían razón. Ello es improcedente porque el récord de forma alguna le permitía al TPI adjudicar los méritos de la controversia entre las partes. En este contexto, el TPI debía únicamente concentrarse en evaluar la conducta procesal de los Demandantes, en abstracción de los méritos sustantivos de la Demanda. De todas formas, como cuestión de derecho, una parte no es temeraria simplemente porque se concluya que su reclamación no procede[18].

Tampoco tiene pertinencia, en este contexto, que el TPI dictara la Sentencia sin aguardar por la postura de los Demandados en cuanto a la Moción. Ello porque, luego de dictada la Sentencia, los Demandados, a través de las Mociones, dejaron claro al TPI cuál era su postura al respecto (que debía condenarse a los Demandantes al pago de costas y honorarios de abogado por temeridad) y, por tanto, dicho foro tuvo la oportunidad de considerar dichos planteamientos

---

[18] Incluso, aun si se aceptara, para fines argumentativos, la premisa de los Demandados (que no hubo contrato entre las partes), de todas maneras los Demandantes podrían haber prevalecido en los méritos de su reclamación alternativa a los efectos de que sufrieron daños extracontractuales como consecuencia de la mala fe de los Demandados durante las negociaciones entre las partes.

antes de rechazarlos finalmente. Así pues, no tendría sentido devolver dicho asunto al TPI, pues ya dicho foro evaluó los argumentos de los Demandados y determinó, en un ejercicio válido de su discreción, y a la luz de la totalidad del récord, que no debía imponerles a los Demandantes el pago de costas u honorarios de abogado por temeridad.

VII.

Por los fundamentos expuestos, se confirma la Sentencia apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones